IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BUREAU OF PROTECTIVE SERVICES, ) <br> (JAT) ARTHUR COLEMAN and ) <br> JOSEPH HARDY as Principals, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SCOTTSDALE INSURANCE COMPANY, ) <br> Its Agents, Owners, Principals, Investors, ) <br> or Whom Contributed to the Denial of ) <br> Coverage and Injuries to the Plaintiffs, ) <br> ) <br> Defendants. ) | Case No. 2:17-cv-00066-WHA-CSC <br> (WO) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This cause is before the court on Plaintiffs' Motions to Remand (Doc. # 1, 2), filed on February 7, 2017.[1] The Plaintiffs, (JAT) Bureau of Protective Services, Arthur Coleman, and Joseph Hardy, originally filed their case in the Circuit Court of Montgomery County, Alabama on January 4, 2017, bringing claims against Scottsdale Insurance Company ("Scottsdale"). (Doc. # 4-6). Scottsdale accepted service on January 5, 2017 and timely removed the case to this court on February 6, 2017, on the basis of diversity jurisdiction. (Doc. # 4). Plaintiffs subsequently

---

[1] Plaintiffs' Motions to Remand contain multiple procedural errors. First, although styled as Plaintiffs' "Objection to Federal Jurisdiction Request for Removal to the Trial Court in the Circuit Court of Montgomery Alabama," this court previously stated that it would "construe[] this filing to be a motion for remand, which is the appropriate way for a plaintiff to seek to have a case decided in state court once it has been removed to federal court." (Doc. # 9). Additionally, Plaintiffs prematurely filed their Motions to Remand, and compounded that error by doing so multiple times. Therefore, the docket for this case shows multiple Motions to Remand (Doc. # 1, 2), numbered before, but listed after, the Notice of Removal. Since, however, both Motions to Remand are duplicates of each other, the court's decision herein applies to both Motions.

filed Motions to Remand. (Doc. # 1, 2). For the reasons to be discussed, the Motions to Remand are due to be DENIED.

## II.  MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

## III.  FACTS

Plaintiffs allege the following facts:

This case allegedly stems from a lawsuit against the Plaintiffs for failure to check the identification of two minors who got into an automobile accident after they were improperly allowed into a night club and attempted to drive home while intoxicated. Upon commencement of the lawsuit, Plaintiffs informed Scottsdale, their insurer at the time, of the suit. Scottsdale initially denied coverage. As a result of Scottsdale's initial denial, Plaintiffs allege that they were forced to shut down their business and seek private counsel at their own expense. Although Scottsdale eventually honored the insurance agreement and provided coverage on the Plaintiffs' claim, the damage had already been done.

Subsequently, on January 4, 2017, Plaintiffs filed a Complaint in the Circuit Court of Montgomery County against Scottsdale asserting four claims: Breach of Contract (Count One), Negligence (Count Two), Fraud (Count Three), and Bad Faith (Count Four). (Doc. # 4-6). On

February 6, 2017, Scottsdale filed a Notice of Removal to this Court (Doc. # 4), submitted with a variety of evidence, and, on the same day, answered the Plaintiffs' Complaint.

The next day, Plaintiffs filed the duplicative documents which the court has construed as a single Motion to Remand, seeking to have the case remanded back to the Circuit Court of Montgomery County, Alabama. (Doc. # 1, 2).

## IV.  DISCUSSION

Plaintiffs assert four grounds for remand in this case. First, Plaintiffs argue that, because they have not claimed an amount in controversy in their Complaint, Scottsdale cannot meet its burden of showing that the amount in controversy exceeds the jurisdictional minimum. Second, Plaintiffs contend that removal is untimely because discovery has not been conducted in this case. Third, Plaintiffs maintain that there is not complete diversity of citizenship because the Plaintiffs are citizens of Alabama and Scottsdale was doing business in the State of Alabama. Finally, Plaintiffs present two variations of the same argument: that removal is improper because Scottsdale is merely seeking to try this case in a more convenient forum. Each of these arguments is legally deficient, and they will be addressed in turn.

### A.  *Amount in Controversy*

Plaintiffs initially argued in their Motions to Remand that, because "No amount sufficient to raise to the Federal level has been claimed against the Defendants," this court does not have diversity jurisdiction over this case. (Doc. # 1, 2, p. 2). Scottsdale responded that the amount in controversy exceeds $75,000, exclusive of interest and cost, because Plaintiffs were asserting a claim for $13,500 for seeking private counsel to defend themselves in an underlying lawsuit and a claim for ceased business operations totaling a gross annual sales amount of $100,000 per year for five years. (Doc. # 10, p. 4–5). The gross sales allegation was supported by a copy of the

Plaintiffs' application for the insurance policy showing such amount. (Doc. # 4-5, p. 2). Plaintiffs then failed to reply.

However, because whether the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, is jurisdictional, *see* 28 U.S.C. § 1332—and in light of the Defendants unrebutted evidence—this court gave Plaintiffs additional time to file a reply to the Defendant's contention that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. (Doc. # 12, p. 2).

Plaintiffs' response is confusing, to say the least. Plaintiffs say, "The Plaintiffs have not asked for a sum certain dollar amount in their complaint and consent that they are entitled to amount far in excess to the $75,000.00 threshold, but only if a JURY decides the denial of coverage was as reprehensible as the Plaintiffs contend and Only if the Plaintiffs can prove compensatory and Punitive Damages." (Doc. # 13, p. 2). Therefore, they contend that they will be entitled to far more than the federal jurisdictional amount if they win their case before a jury. A jury trial in this court was demanded by the Defendant in its Answer filed here. As a result of Scottsdale's unrebutted evidence, and given the Plaintiffs' concession that they are seeking damages of more than $75,000, the court finds "by a preponderance of the evidence that the amount in controversy more likely than not exceeds [the jurisdictional minimum]." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000). Plaintiffs' Motion to Remand is, therefore, due to be DENIED on that basis.

### B.  Untimely Removal

Plaintiffs also argue that removal was untimely. (Doc. # 1, 2, p. 2).

Under 28 U.S.C. § 1446, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Scottsdale was served with the Plaintiffs' Complaint on January 5, 2017. Thirty days later, on February 6, 2017, Scottsdale filed its Notice of Removal. (Doc. # 4). Therefore, Scottsdale's removal was timely under 28 U.S.C. § 1446.

Plaintiffs also argue, without citation, that removal was untimely because "Discovery has NOT been conducted." (Doc. # 1, 2, p. 2). However, lawyers admitted to practice in federal court should know that there is no requirement under 28 U.S.C. § 1446 that a party be allowed to conduct discovery before a case may be removed, but, in fact, the law *requires* the removal to be within the 30 days mentioned above. Accordingly, Plaintiffs' Motion to Remand is due to be DENIED on the basis that removal was untimely.

### *C. Diversity of Citizenship*

Plaintiffs next seek remand because they claim there is no diversity of citizenship. (Doc. # 1, 2, p. 2). 28 U.S.C. 1332 confers subject matter jurisdiction upon federal courts over "civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "This statue and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis original).

Citizenship for diversity purposes depends upon the status of the respective parties involved. *See* U.S. Const., Art. III, § 2; 28 U.S.C. § 1332(a). For an individual, citizenship is determined by the state in which he or she is domiciled. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). An individual's domicile is "the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (citations omitted). For a corporation, citizenship is measured by the state of its principal place of business and by any state in which it is incorporated. 28 U.S.C 1332(c)(1).

In this case, there is complete diversity of citizenship as between the Plaintiffs and Scottsdale. Plaintiffs are citizens of the State of Alabama. (Doc. # 4-6, ¶ 1). In their Complaint and Motion to Remand, Plaintiffs concede that they are residents of the State of Alabama. Conversely, Scottsdale submits an affidavit of Paul Dwight, Managing Counsel for Scottsdale Insurance, showing that Scottsdale is a corporation incorporated under the laws of Ohio and with its principal place of business in Scottsdale, Arizona. (Doc. # 11-1). Accordingly, because Plaintiffs are citizens of the State of Alabama and Scottsdale is a citizen of the States of Ohio and Arizona, but not Alabama, there is complete diversity of citizenship of the parties.

Plaintiffs argue in their Motion to Remand that Scottsdale is a citizen of Alabama because of its "active ongoing business . . . in this State." (Doc. # 1, 2, p. 2). They further state that these business dealings constitute "waiver by Solicitation." *Id.* However, while these arguments may be relevant for invoking personal jurisdiction, *see Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (holding that a forum may exercise personal jurisdiction over those who purposefully direct their activities at residents of the forum state), they are irrelevant to whether this court has diversity jurisdiction, because whether a party purposefully avails itself

6

to the laws and protections of a state (e.g., by doing business there) does not affect the citizenship of that party; for a corporation, individual, or otherwise. Accordingly, Plaintiffs' argument that Scottsdale is a citizen of the State of Alabama because they do business here is incorrect, and Plaintiffs' Motion to Remand is due to be DENIED on that basis.

### D. Convenient Forum

Finally, Plaintiffs argue in various iterations that removal is improper because the suit was properly filed in state court and Scottsdale is merely seeking to try this case in a more convenient forum to Scottsdale. Plaintiffs contend that Scottsdale is "forum shopping" and that it "seek[s] the convenience of the Federal Court for its convenience solely in detriment to the original parties." (Doc. # 1, 2, p. 2–3). Plaintiffs cite no authority for this being a basis for remand, because there is none.

As Scottsdale rightly points out in its Response to Plaintiffs' Motion to Remand, it "has simply exercised its right to federal jurisdiction over this matter." Moreover, as the Eleventh Circuit has explained, the overall purpose of the removal process was to "protect defendants." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005). The Plaintiffs had a right to file this action in state court and the Defendant had the right to remove it to federal court, if it chose to do so. Accordingly, this court cannot deny removal of this action merely because the Plaintiffs believe it would be more convenient for Scottsdale to try the case in federal court rather than state court. Plaintiffs' Motion to Remand is, likewise, due to be DENIED on that basis.

### V. CONCLUSION

For the reasons discussed, the court concludes that removal is proper, and Plaintiffs' Motion to Remand (Doc. # 1, 2) is ORDERED DENIED.

DONE this 16th day of March, 2017.

8

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE