IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BUREAU OF PROTECTIVE SERVICES   )
  (JAT), etc., et al.,          )
                                 )
                                 )
         Plaintiffs,             )
                                 )
v.                               )    CIVIL ACTION NO. 2:17-cv66WHA
                                 )       (WO)
SCOTTSDALE INSURANCE CO.,        )
                                 )
                                 )
         Defendant.              )

This case is before the court on a Motion for Partial Summary Judgment filed by Defendant Scottsdale Insurance Company ("Scottsdale") (Doc. #20). Bureau of Protective Services (JAT), Arthur Coleman, and Joseph Hardy (as Principals of JAT) (collectively, "Plaintiffs"), filed a Complaint in the Circuit Court of Montgomery County, Alabama on January 4, 2017. (Doc. #4-2). Scottsdale timely removed the case to this court on February 6, 2017 on the basis of diversity jurisdiction. (Doc. #4). Plaintiffs filed a motion to remand on February 7, 2017 (Doc. #1, 2), which this court denied on March 16, 2017, finding that diversity subject-matter jurisdiction was proper under 28 U.S.C. § 1332. (Doc. #14).

In their complaint, Plaintiffs brought claims for a breach of contractual duty to defend and indemnify (Count One), negligence (Count Two), fraud (Count Three) and bad faith (Count Four). Each count relates to an underlying case, for which Scottsdale eventually provided a defense after initially refusing to defend. Scottsdale now seeks summary judgment on Claims Two, Three, and Four on the basis that the statute of limitations has expired as to each of these three claims. Additionally, Scottsdale seeks summary judgment as to Plaintiffs' claim included in Count One

for consequential damages resulting from the alleged breach of Scottsdale's duty to defend and indemnify. Finally, Scottsdale seeks summary judgment with respect all claims that relate to Plaintiffs Coleman and Hardy for lack of standing.

In support of its Motion, Scottsdale points to Plaintiffs' complaint, which clearly states that they discovered the causes of action for negligence, fraud, and bad faith in August 2012. (Doc. 4-2 at ¶¶ 17, 22, and 29). Additionally, Scottsdale cites the two-year statutes of limitation for each of these claims. *See* Ala. Code § 6-2-38. Plaintiffs filed their complaint on January 4, 2017. (Doc. 4-2).

On August 15, 2017, this court entered an Order giving the Plaintiff until September, 8, 2017 to respond to the Defendant's motion, and setting the Motion for Summary Judgment for submission on September 15, 2017. (Doc. #21). Plaintiffs have not opposed Scottsdale's motion.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the court will review the evidentiary materials presented by the Defendant in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Defendant has met this burden by supporting its motion with citations to Plaintiffs' complaint.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

By failing to file any evidence in response to the Motion for Summary Judgment, the Plaintiffs have failed to meet their burden. Further, the court has reviewed the evidentiary materials submitted by the Defendant and finds no question of fact as to any material issue raised by the Defendant as grounds for summary judgment on Counts Two, Three, and Four.

As to Scottsdale's legal argument relating to the claim for consequential damages in Count One and standing as to Plaintiffs Coleman and Hardy, Plaintiffs apparently concede each of these points and the court finds that Scottsdale is entitled to summary judgment on each of these claims. *See Vincent v. Blue Cross-Blue Shield of Alabama, Inc.*, 373 So.2d 1054, 1056 (Ala. 1979); *Altrust Fin. Servs., Inc. v. Adams*, 76 So.3d 228, 245-46 (Ala. 2011).

Accordingly, it is hereby ORDERED that the Motion for Partial Summary Judgment (Doc. #20) is GRANTED as to Counts Two, Three, and Four as well as all claims of Plaintiffs Arthur Coleman and Joseph Hardy, as principals, and any claim in Count One for consequential damages based on breach of contract above and beyond moneys owed under the terms of the contract.

This case will proceed on Plaintiff Bureau of Protective Services's Count One claim for

breach of contract.

Done this 27th day of September, 2017.

                                             /s/ W. Harold Albritton  
                                             W.   HAROLD ALBRITTON  
                                             SENIOR UNITED STATES DISTRICT JUDGE